IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| KENNETH ERIC BRUMBERGER, | : |  |
|  | : | Case No. 16-18943-AMC |
| Debtor. | : |  |

**STIPULATION AND AGREED ORDER RESOLVING OBJECTION
OF LYNN E. FELDMAN, CHAPTER 7 TRUSTEE,
TO CERTAIN OF THE DEBTOR'S CLAIMS OF EXEMPTION**

This Stipulation and Agreed Order (the "Stipulation") is made by and between counsel for (i) Lynn E. Feldman, Esquire (the "Trustee"), the court appointed chapter 7 Trustee for the estate of Kenneth Eric Brumberger, and (ii) Kenneth Eric Brumberger (the "Debtor" and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, resolving the Trustee's objection to certain of the Debtor's claims of exemption of property as noted in Schedule C of the Debtor's bankruptcy schedules and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"). In support hereof, the Parties aver as follows:

**RECITALS**

**WHEREAS**, on December 30, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the Court;

**WHEREAS**, on January 3, 2017 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate;

**WHEREAS**, on the Petition Date, the Debtor filed his Voluntary Petition for Individuals Filing for Bankruptcy (the "Petition"), which included certain schedules listing the Debtor's interests in certain property identified therein (the "Schedules");

**WHEREAS**, on August 2, 2017, the Trustee filed her Objection to Certain of the Debtor's Claims of Exemption (Doc. No. 62) (the "Objection");[1]

**WHEREAS**, in the Objection, the Trustee listed the following claims of exemption that she believed to be objectionable:[2]

| Category of Exemption | Property Claimed as Exempt | Debtor's Valuation of Property Claimed as Exempt | Law That Allegedly Allows Exemption |
|---|---|---|---|
| I. Shares of Stock | 200 shares of Hawaiian Electric Industries, Inc. stock | $5,886.00 | 11 U.S.C. § 522(b)(3)(B) |
| II. Retirement Account | TRI-STATE Imaging PR, LLC 401(k) | $77,134.98 | 42 Pa.C.S. § 8124(b)(1)(vii) |
| III. Life Insurance Policy | NW Mutual Joint Life Insurance Policy | $137,082.00 | 42 Pa.C.S. § 8122(c)(6) |

**WHEREAS**, on August 23, 2017 the Debtor filed his Response to the Objection (Doc. No. 68) (the "Response");

**WHEREAS**, on August 30, 2017 the Trustee filed her Reply in support of the Objection (Doc. No. 69) (the "Reply"); and

**WHEREAS**, the Parties seek to resolve the Objection, the Response, and the Reply on the terms and conditions set forth below.

## STIPULATION

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the Parties, through their respective undersigned counsel:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

[2] The (i) Hawaiian Electric Shares, (ii) Insurance Policy, and (iii) $4,702.90 contribution made by the Debtor into the Retirement Account in 2016 shall be referred to collectively herein as the "Assets."

1.\tThe Objection, Response and Reply are fully resolved as specifically set forth herein.

2.\tIn full and final resolution of the Objection, Response and Reply, the Debtor shall pay the estate the sum of $75,000 by check made payable to Lynn E. Feldman, Esquire, chapter 7 Trustee for the estate of Kenneth Eric Brumberger.

3.\tIn exchange for this payment, the Trustee shall withdraw the Objection with prejudice.

4.\tIt is expressly understood and agreed between the Parties that the terms of this Stipulation are contractual and that the agreement contained herein and the consideration contemplated hereby is to compromise and to resolve the Objection, Response and Reply, and that no statement made herein, payment, or other consideration shall be construed as an admission of liability or of past or present wrongdoing by either of the Parties.

5.\tThis Stipulation is not a release of any claims but, rather, is a resolution of the Objection, Response and Reply, and each of the Parties expressly reserves all of their rights with respect to all other matters in the Debtor's bankruptcy Case, including, but not limited to, all other claims, exemptions, and avoidance actions.  For the avoidance of doubt, the Trustee is not waiving or relinquishing any rights to pursue any avoidance actions, except with respect to the Assets specifically referenced in the Objection.

6.\tEach of the Parties hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult with any advisor of its choice about it; that it understands all of its terms; that its undersigned representative is duly authorized to enter into this Stipulation on its behalf; that it voluntarily assents to all the terms and conditions contained herein; that by signing this Stipulation it is

bound by the terms and conditions contained herein; and that it is signing this Stipulation voluntarily and of its own free will.

7. This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8. This Stipulation may be changed, modified or otherwise altered in a writing executed by the Parties. Oral modifications are not permitted.

9. This Stipulation shall be effective immediately upon approval by the Court.

10. The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11. This Stipulation may be signed in counterpart originals.

Dated: November 1, 2017                                Respectfully submitted,

/s/ Harry J. Giacometti                                /s/ Lawrence J. Kotler
Harry J. Giacometti                                    Lawrence J. Kotler, Esq. (PA I.D. 56029)
FLASTER GREENBERG PC                                   Catherine B. Heitzenrater, Esq. (PA I.D. 205597)
1835 Market Street                                     DUANE MORRIS LLP
Suite 1050                                             30 South 17th Street
Philadelphia, PA 19103                                 Philadelphia, PA 19103
Telephone: (215) 587-680                               Telephone:   (215) 979-1514
Email: harry.giacometti@flastergreenberg.com           Facsimile:   (215) 979-1020
                                                       Email: LJKotler@duanemorris.com
                                                              CHeitzenrater@duanemorris.com
*Counsel to Debtor*

*Counsel to Lynn E. Feldman, Esquire, Chapter 7 Trustee for the Debtor's Estate*

IT IS SO ORDERED.

Dated:  **November 3**       , 2017    _____
                                        Ashely M. Chan
                                        UNITED STATES BANKRUPTCY JUDGE

4

DM3\4874785.1