**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Kenneth Eric Brumberger<br>        Debtor(s) | CHAPTER 7 |
| Toyota Lease Trust<br>        Movant<br>    vs.<br>Kenneth Eric Brumberger<br>        Debtor(s) | NO. 16-18943 AMC |
| Lynn E. Feldman<br>        Trustee | 11 U.S.C. Section 362 |

**STIPULATION, AND AGREED ORDER RESOLVING THE MOTION TO OBTAIN RELIEF FROM THE AUTOMATIC STAY OF TOYOTA LEASE TRUST**

AND NOW, it is hereby stipulated and agreed by and between the Movant, Toyota Lease Trust (hereinafter "Movant") and the Debtor, Kenneth Eric Brumberger (hereinafter "Debtor"), by and through their respective counsel, the undersigned, in resolution of the Motion to Obtain Relief from the Automatic Stay filed in this bankruptcy case by Toyota Lease Trust:

1. As of November 13, 2017, the total amount of the missed installment payments owed by the Debtor under the Lease Agreement referenced in Movant's motion is $4,202.45.

2. Unless the Debtor takes the actions set forth in Paragraph 4 below, then, effective ten (10) days from the filing of this Stipulation, or ten (10) days from November 13, 2017, whichever is later, and pending the Court's approval of this Stipulation, the automatic stay is modified under 11 U.S.C. Section 362(d) as to Movant, to permit Movant, or its successor or assignee, to take possession of, and to sell, lease, and otherwise dispose of, in a commercially reasonable manner, the 2015 LEXUS RX350 with VIN number 2T2BK1BA1FC279144.

3. The stay provided by Bankruptcy Rule 4001(a)(3) is inapplicable and/or is waived with respect to any court order approving of this stipulation or ordering the relief set forth herein.

4.  If the Debtor pays the aforesaid arrears of $4,202.45 in full, then the Debtor may avoid the automatic stay from being modified pursuant to Paragraph 2 of this Stipulation by filing with the court, within ten (10) days of the filing of this Stipulation, or within ten (10) days of November 13, 2017, whichever is later, a Certification that the payment was made, together with proof of payment.  Any cure payment made or any Certification of Payment filed after such date shall not prevent the relief from stay described in Paragraph 3 from going into effect.

5.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs incurred in bringing the instant motion, that are due under the terms of the lease agreement and applicable law.

6.  The parties agree that a facsimile signature on this stipulation shall be considered an original signature.

Date:   November 13, 2017            By: /s/ Matteo S. Weiner, Esquire
                                         Matteo S. Weiner, Esquire
                                         KML Law Group, P.C.
                                         701 Market Street, Suite 5000
                                         Philadelphia, PA 19106-1532
                                         (215) 627-1322 FAX (215) 627-7734
                                         Attorneys for Movant


Date:  November 13, 2017             /s/ Harry J. Giacometti, Esquire
                                     Harry J. Giacometti, Esquire
                                     Attorney for Debtor


Approved and ORDERED by the Court this _____ day of _____, 2017.
However, the court retains discretion regarding entry of any further order.


                                         _____
                                         Hon. Ashely M. Chan
                                         Bankruptcy Judge