United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Kenneth Eric Brumberger  
    Debtor

Case No. 16-18943-amc  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: PaulP    Page 1 of 1    Date Rcvd: Nov 15, 2017  
                 Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 17, 2017.
db          +Kenneth Eric Brumberger,   1136 Tower Lane East,   Narberth, PA 19072-1132

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                         TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 17, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 15, 2017 at the address(es) listed below:
       ALFRED T GIULIANO    atgiuliano@giulianomiller.com,    NJ90@ecfcbis.com;ddileo@giulianomiller.com
       BONNIE R. GOLUB    on behalf of Creditor    Wilmington Savings Fund Society, FSB
        bgolub@weirpartners.com,    imarciniszyn@weirpartners.com
       HARRY J. GIACOMETTI    on behalf of Debtor Kenneth Eric Brumberger
        harry.giacometti@flastergreenberg.com,
        harry.giacometti@ecf.inforuptcy.com;jackie.parsio@flastergreenberg.com;jennifer.vagnozzi@flasterg
        reenberg.com
       HARRY J. GIACOMETTI    on behalf of Defendant Kenneth Eric Brumberger
        harry.giacometti@flastergreenberg.com,
        harry.giacometti@ecf.inforuptcy.com;jackie.parsio@flastergreenberg.com;jennifer.vagnozzi@flasterg
        reenberg.com
       LAWRENCE J. KOTLER    on behalf of Trustee LYNN E. FELDMAN ljkotler@duanemorris.com
       LYNN E. FELDMAN    trustee.feldman@rcn.com,   lfeldman@ecf.epiqsystems.com
       LYNN E. FELDMAN    on behalf of Trustee LYNN E. FELDMAN trustee.feldman@rcn.com,
        lfeldman@ecf.epiqsystems.com
       MATTEO SAMUEL WEINER    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
       MICHAEL J. BURNS    on behalf of Plaintiff Joyce   Wojtowicz mjburnslaw@verizon.net
       MICHAEL J. BURNS    on behalf of Plaintiff    Plan Participants in the Tri-State Imaging PR, LLC
        Flexible Plan 501 mjburnslaw@verizon.net
       SIDNEY L. GOLD    on behalf of Plaintiff    Plan Participants in the Tri-State Imaging PR, LLC
        Flexible Plan 501 sgold@discrimlaw.net,   ddrages@discrimlaw.net
       SIDNEY L. GOLD    on behalf of Plaintiff Joyce   Wojtowicz sgold@discrimlaw.net,
        ddrages@discrimlaw.net
       THOMAS I. PULEO    on behalf of Creditor    Toyota Lease Trust tpuleo@kmllawgroup.com,
        bkgroup@kmllawgroup.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 14

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Kenneth Eric Brumberger<br>           Debtor(s) | CHAPTER 7 |
| Toyota Lease Trust<br>           Movant<br>       vs. | NO. 16-18943 AMC |
| Kenneth Eric Brumberger<br>           Debtor(s) | |
| Lynn E. Feldman<br>           Trustee | 11 U.S.C. Section 362 |

**STIPULATION, AND AGREED ORDER RESOLVING THE MOTION TO OBTAIN RELIEF FROM THE AUTOMATIC STAY OF TOYOTA LEASE TRUST**

AND NOW, it is hereby stipulated and agreed by and between the Movant, Toyota Lease Trust (hereinafter "Movant") and the Debtor, Kenneth Eric Brumberger (hereinafter "Debtor"), by and through their respective counsel, the undersigned, in resolution of the Motion to Obtain Relief from the Automatic Stay filed in this bankruptcy case by Toyota Lease Trust:

1. As of November 13, 2017, the total amount of the missed installment payments owed by the Debtor under the Lease Agreement referenced in Movant's motion is $4,202.45.

2. Unless the Debtor takes the actions set forth in Paragraph 4 below, then, effective ten (10) days from the filing of this Stipulation, or ten (10) days from November 13, 2017, whichever is later, and pending the Court's approval of this Stipulation, the automatic stay is modified under 11 U.S.C. Section 362(d) as to Movant, to permit Movant, or its successor or assignee, to take possession of, and to sell, lease, and otherwise dispose of, in a commercially reasonable manner, the 2015 LEXUS RX350 with VIN number 2T2BK1BA1FC279144.

3. The stay provided by Bankruptcy Rule 4001(a)(3) is inapplicable and/or is waived with respect to any court order approving of this stipulation or ordering the relief set forth herein.

4. If the Debtor pays the aforesaid arrears of $4,202.45 in full, then the Debtor may avoid the automatic stay from being modified pursuant to Paragraph 2 of this Stipulation by filing with the court, within ten (10) days of the filing of this Stipulation, or within ten (10) days of November 13, 2017, whichever is later, a Certification that the payment was made, together with proof of payment. Any cure payment made or any Certification of Payment filed after such date shall not prevent the relief from stay described in Paragraph 3 from going into effect.

5. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs incurred in bringing the instant motion, that are due under the terms of the lease agreement and applicable law.

6. The parties agree that a facsimile signature on this stipulation shall be considered an original signature.

Date:  November 13, 2017          By: /s/ Matteo S. Weiner, Esquire
                                  Matteo S. Weiner, Esquire
                                  KML Law Group, P.C.
                                  701 Market Street, Suite 5000
                                  Philadelphia, PA 19106-1532
                                  (215) 627-1322 FAX (215) 627-7734
                                  Attorneys for Movant


Date:  November 13, 2017          /s/ Harry J. Giacometti, Esquire
                                  Harry J. Giacometti, Esquire
                                  Attorney for Debtor


Approved and ORDERED by the Court this  15th  day of  November , 2017.
However, the court retains discretion regarding entry of any further order.

_____
Hon. Ashely M. Chan
Bankruptcy Judge