IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| KENNETH ERIC BRUMBERGER, | Case No. 16-18943-AMC |
| Debtor. | |

**STIPULATION AND AGREED ORDER RELATED TO THE PROOFS OF CLAIM OF THE UNITED STATES DEPARTMENT OF LABOR (CLAIM NO. 1) AND JOYCE WOJTOWICZ AND THE PARTICIPANTS AND BENEFICIARIES OF THE TRI-STATE IMAGING PR, LLC FLEXIBLE BENEFITS PLAN (CLAIM NO. 4)**

This Stipulation is entered into this 24th day of November, 2019, by and between counsel for Lynn E. Feldman (the "*Trustee*"), the Chapter 7 Trustee for the estate of Kenneth Eric Brumberger (the "*Debtor*"), the United States Department of Labor (the "*Department*") and Joyce Wojtowicz, representing a class of similarly situated participants and beneficiaries of the Tri-State Imaging PR, LLC Flexible Benefits Plan (the "*Plan*") (the "*Participants*" and, together with the Trustee and the Department, the "*Parties*" and each, a "*Party*"), and is subject only to the approval by the United States Bankruptcy Court for Eastern District of Pennsylvania (the "*Court*") regarding Proof of Claim No. 1 (the "Claim No. 1") which the Department filed in the above-captioned bankruptcy case.

## RECITALS

WHEREAS, on December 30, 2016 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "*Court*"); and

WHEREAS, on January 3, 2017, the Trustee was appointed chapter 7 Trustee for the Debtor's estate; and

DMS 6175552 3

WHEREAS, on February 2, 2017, the Department filed Claim No. 1 in the amount of $474,620.98 as an unsecured, non-priority claim; and

WHEREAS, Claim No. 1 was based on unpaid health claims and contributions to the Plan; and

WHEREAS, on May 15, 2017, the Participants filed a Proof of Claim, designated as claim number 4 ("Claim No. 4") against the Debtor's estate in the amount of $505,890.45 but filed the claim as an unsecured priority claim; and

WHEREAS, as with Claim No. 1, Claim No. 4 was based upon unpaid health claims and contributions to the Plan; and

WHEREAS, the Parties have discussed the *bona fides* of the Claims and have come to the conclusion that notwithstanding the different dollar amounts and priorities of the claims, that these claims are, in fact, duplicative; and

WHEREAS, rather than having the Trustee object to Claim No. 1, the Department has agreed that Claim No. 1 is duplicative of Claim No. 4 and, as such, has further agreed to withdraw Claim No. 1; and

WHEREAS, the Parties seek to resolve the Claims through this Stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. The recitals set forth above are incorporated herein by this reference as though set forth herein at length.

2. This Stipulation shall be effective upon the date that it is fully executed and approved by the Court (the "*Stipulation Effective Date*").

DMS 6178592.3

3. Effective on the Stipulation Effective Date: (i) Claim No. 1 shall be withdrawn with prejudice; (ii) Claim No. 4 shall be allowed as a general unsecured claim in the amount of $505,890.45, (the "*Allowed Claim*") and (iii) such Allowed Claim shall not be subject to any further objection or contest by the Trustee.

4. As the Holder of an Allowed General Unsecured Claim, the Participants, collectively, shall be treated as a single unsecured creditor and shall be entitled to receive a distribution on account of such Allowed Claim in accordance with chapter 7 of the Bankruptcy Code.

5. The Clerk of the Bankruptcy Court and the Notice and Claims Agent are hereby authorized to reflect the Stipulation on the docket and Claims Register for the above-referenced case.

6. The Department represents and warrants that: (i) the Department is the sole holder of Claim No. 1; (ii) the Department has not sold, assigned, or transferred Claim No. 1; (iii) that no consents are necessary for the Department to enter into this Stipulation; and (iv) except for Claim No. 1, the Department has not filed any proof of claim or request for payment of a claim or administrative expense against the Debtor's estate.

7. The Parties each declare that their respective decisions to enter into this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

8. The Parties agree that they or their counsel have carefully read this Stipulation, that they understand all of its terms and conditions, know its contents, and have signed below as their respective free and voluntary acts.

3

DM3 61785523

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original and evidence of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

10. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the parties represented by such person.

11. This Stipulation is the product of negotiation between the Parties and any rule of construction that ambiguities are to be resolved against the drafting will not apply in the interpretation of this Agreement.

12. Except with respect to the enforcement of the terms of this Agreement, nothing herein and no action taken by any of the Parties hereto shall be construed as an admission or concession with respect to the merits of either claim, or any other claims or causes of action.

13. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Dated: November 29, 2019

UNITED STATES DEPARTMENT
OF LABOR

By: _____
Michael Schloss
Regional Director
Philadelphia Regional Office
Employee Benefits Security Administration
170 S. Independence Mall West
Suite 870 West
Philadelphia, PA 19106
Tel: (215) 861-5300

4

DM3 6178352.3

BOWEN & BURNS

By: /s/ Michael J. Burns
Michael J. Burns, Esquire
PA Attorney Identification No. 62088
530 Street Road
Southampton, PA 18966
Tel: (215) 322-9030

*Counsel to Joyce Wojtowicz*

DUANE MORRIS LLP

By: /s/ Lawrence J. Kotler
Lawrence J. Kotler, Esquire
PA Attorney Identification No. 56029
30 South 17th Street,
Philadelphia, PA 19103
Tel: (215) 979-1000

*Attorney for Lynn E. Feldman, Chapter 7 Trustee*

APPROVED AND SO ORDERED THIS
____ DAY OF _____, 2019.

BY THE COURT:

_____
Ashely M. Chan, USBJ

DM3\6178552.3