IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| **KENNETH ERIC BRUMBERGER,** | ) |
| | ) Case No. 16-18943-amc |
| | ) |
| Debtor. | ) |

### TRUSTEE'S MOTION TO APPROVE AND AUTHORIZE PAYMENT OF A CERTAIN TAX CLAIM AS AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 105(a) and 503(b)(1)(A)

Lynn E. Feldman, Chapter 7 Trustee for the above-referenced debtor's estate (the "Trustee"), by and through her undersigned counsel, hereby files this *Motion to Approve and Authorize Payment of A Certain Tax Claim As An Administrative Expense Claim Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(1)(A)* (the "Motion"). In the Motion, the Trustee seeks authorization to pay a certain tax claim in the amount of **$391.00** as an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) owed by the Debtor's estate to the Pennsylvania Department of Revenue and, in support hereof, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 105(a) and 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code").

## Background

1. On December 30, 2016, the Debtor filed a voluntary petition seeking relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

2. On January 3, 2017 (the "Appointment Date"), the Trustee was appointed as the chapter 7 Trustee for the Debtor and his estate.

5. In this case, the Debtor's estate has incurred income taxes due and owing the Pennsylvania taxing authorities.

6. In particular, the Trustee's accountants have recently completed their preparation of the tax returns for the Debtor's estate, which reveal that the Debtor's estate owes the sum of **$391.00** to the Commonwealth of Pennsylvania, Department of Revenue.

7. The Trustee has reviewed the returns and finds them to be in order and seeks authority from this Court to pay the taxes due and owing the Commonwealth of Pennsylvania as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A).

8. As a general rule, administrative chapter 7 expenses include taxes which the trustee incurs in administering the debtor's estate, including taxes on capital gains from sales of property by the trustee and taxes on income earned by the estate during the case. 11 U.S.C. § 503(b)(1)(B).

9. Administrative expenses include, *inter alia,* (1) any tax "incurred by the estate;" (2) any "fine, penalty, or reduction in credit" relating to such a tax; and (3) compensation and reimbursement awarded to professionals under 11 U.S.C. § 330(a). 11 U.S.C. §§ 503(b)(1)(B)(i), (b)(1)(C), (b)(2).

10. The order of distribution of the property of an estate liquidated under Chapter 7 is governed by 11 U.S.C. § 726(a), which provides that the property should be disbursed first to

DM3\6639261.1

pay "claims of the kind specified in, and in the order specified in, section 506 . . ." Section 507(a) organizes various types of claims into separate priorities. The priority is shared by certain fees and costs due to the federal courts and the U.S. Trustee, pursuant to the Chapter 123 of title 28, as well as "administrative expenses allowed under section 503(b) . . . ." 11 U.S.C. § 507(a)(1).

11. Case law interpreting the Bankruptcy Code dictate that the Trustee should obtain court approval before paying taxes due. See *Butler v. Shanor,* 70 F.3d 1282 (Table), 1995 WL 699016, at *4 (10th Cir. 1995); *In re Quid Me Broadcasting, Inc.,* 181 B.R. 715, 717-20 (Bankr. W.D.N.Y. 2005) ("Even if the trustee had the means and inclination to have paid the $88,000 tax liability at the time he filed the tax return, he would have violated the Bankruptcy Code had he made the payment without approval of the Court.")

12. Pursuant to § 503(b) of the Bankruptcy Code, the Trustee requests authority to pay the Taxes as an administrative expense now without penalty.

13. Upon this Court's approval of the Motion, the Trustee will submit the tax returns to the Commonwealth of Pennsylvania pursuant to 11 U.S.C. § 505(b) for a prompt determination of the estate's tax liability.

DM3\6639261.1

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an Order, substantially in the form of the Order annexed hereto, allowing the taxes owed to the Commonwealth of Pennsylvania to be paid as an administrative claim and granting such other and further relief as is just or proper.

Dated: March 2, 2020

Respectfully submitted,

DUANE MORRIS LLP

By:    /s/ Lawrence J. Kotler
Lawrence J. Kotler, Esquire
PA Attorney Identification No. 56029
30 South 17th Street
Philadelphia, PA 19103
215.979.1000

*Attorneys for Lynn E. Feldman, Chapter 7 Trustee of Kenneth Eric Brumberger*

DM3\6639261.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KENNETH ERIC BRUMBERGER, | ) | |
| | ) | Case No. 16-18943-amc |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE AND AUTHORIZE PAYMENT OF A CERTAIN TAX CLAIM AS AN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. §§ 105(a) and 503(b)(1)(A)**

Upon consideration of the Motion to Approve and Authorize Payment of A Certain Tax Claim As An Administrative Expense Claim Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(1)(A) (the "Motion"); and upon consideration of any and all responses filed to the Motion; and after notice and a hearing to consider the Motion and any and all responses thereto; and it appearing that the Motion was properly and timely served; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate, and good cause appearing for the relief requested in the Motion, it is hereby

1. **ORDERED** that the Motion is GRANTED; and it is further

2. **ORDERED** that the Trustee is authorized to pay the sum of **$391.00** to the Commonwealth of Pennsylvania, Department of Revenue, for the tax year ending on December 31, 2019, as an allowed administrative expense of the Debtor's estate; and it is further

3. **ORDERED** that the forgoing authorization is without prejudice to the Trustee's proposed submission of the tax returns to the Internal Revenue Service and the Commonwealth of Pennsylvania pursuant to 11 U.S.C. § 505(b) for a prompt determination of the estate's tax liability or the right of any of these taxing agency to respond pursuant to 11 U.S.C. § 505(b).

Dated: _____, 2020
Philadelphia, Pennsylvania

_____
Ashely M. Chan,
United States Bankruptcy Judge

DM3\6639261.1